Reese, J.
delivered the opinion of the court.
Watson and Gibson obtained at law a judgment by default against complainant and one George W. Richardson, as endorser of a biH single, purporting to be executed by James L. Bryant, as maker, and made payable to Hayden Arnold, at the branch bank of the United States at Nashville, dated in March, 1833, and due four months after date. It is endorsed by Hayden Arnold, as first endorser, by George W. Richardson, as second endorser, and by complainant as third endorser. It is satisfactorily proved in this case, that at the request and for the accommodation of Geo. W. Richardson, and without consideration, Bryant, Arnold and complainant, about a year before the date of the bill single, became parties, thereto, for the purpose of its being negotiated in the branch bank of the United States, to meet and satisfy some existing liability of Richardson, the bill single being then left undated. At the time it bears date, it was passed to Watson and Gibson by Richardson in payment of a pre-existing debt. In August, 1833, Thompson, the complainant, verbally requested Watson and Gibson to commence suit upon the note, and in the month of November afterwards he wrote to Stephen Adams, requesting him to notify Watson and Gibson that he did not wish to continue liable as endorser, and that they should forthwith institute suit upon the bill single; Adams did this, by showing to them the letter of complainant. They replied that Richardson had been asking time till Christmas, and that *367 they believed him to be an honest man, -and had confidence it n • , , i ■ that he would pay. Suit was not brought till the spring or summer of 1834, at which time all the parlies to the note, but the complainant, had become insolvent. But the proof makes it probable that in August or November, 1S33, the debt could have been collected from Bryant, Arnold and Richardson. The answer admits the veibal demand to bring suit in August, 1833, and the notice to the same effect given through Adams in November. Questions relating to the insertion of a date in a sealed instrument — to the use of the bill at one time, for a purpose different from that for which it was created at an earlier time — to the effect of the accommodation character of the paper, if known to the defendants when they received it in payment of a pre-existing debt, and especially, as to the effect of any or of all these matters upon the jurisdiction of a court of chancery after a trial at law, have been raised and elaborately discussed by the counsel. But we have deemed it proper to limit our consideration of the case to the enquiry, whether the complainant be entitled to relief in this court, upon the ground that in August or November, 1833, the defendants were requested and urged to bring suit upon the bill at a time when, in all probability, the money could have been made of those first liable, but which they omitted and refused to do until all but the complainant, became insolvent. This enquiry has been settled in the affirmative by a case fully in point decided by the supreme court of this State, the case of Hancock vs. Bryant and Hunt, 2 Yerger’s Rep. 476. This case has to sustain it. the authority of King vs. Baldwin, 17 John. Rep. 384; which latter case was founded upon that of Pain vs. Packard in the same State. But the authority of the case of King vs. Baldwin has been questioned in the argument, and indeed denied on the ground that a majority of senators against the weight, and numbers, and talent of the bench decided the case; and upon the further ground that it has been questioned and impugned in Pennsylvania, Vermont, &c. And we are also called upon to overrule the case of Hancock vs. Bryant, which, it is said, has not met with the approbation of the profession. It is not necessary that we should state whether, if the question *368 were res integra, it would receive at our hands a . . ° ’ , , , W e nave had occasion more than once to ex-pregs oul, gense 0f tiie importance of adhering with some uni-fortuity to decisions when once made, deeming fluctuation of judicial opinion an evil of such magnitude as not to find its equipoise of good, in any fancied or real approximation to greater correctness. In New York, the case of King vs. Baldwin, though decided perhaps against the opinion of a majority of the profession on the bench and at the bar, remains, after the lapse of eighteen years, undisturbed, and exacts the acquiescence, if not the approbation of the profession in that Slate. Yet the principle maintained in the cases of Pain vs. Packard and King vs. Baldwin, unlike the case of Hancock vs. Bryan, has no statutory ground upon which to stand. It would be a matter of more difficulty, therefore, to overthrow the authority of our own case 'than the New York one. Before our statute of 1801, c 18, a surety might have filed, as he still may, his bill against his principal and the creditor, alleging the apprehended insolvency, or removal of the former, and have compelled payment of the debt. By that act, when a security or the assignor of a bill, bond or note may entertain similar apprehensions, he can give notice in writing to the creditor to put the instrument in suit against the principal or drawer, and if for thirty days this be omitted by the creditor, he shall thereby forfeit the right he would otherwise have had to demand and receive the amount due from such assignor or security.
Section 4th provides that when sued at law, the assignor or security may give the act in evidence, if by two witnesses he prove in open court a copy of the notice. But not having it in his power in a court of law to make this full proof and formal defence, the security may in chancery, according to the case of Hancock vs. Bryant, insist upon the equity which he had before the statute and by the statute, and show that he requested the creditor to bring suit, which he refused and omitted to do, and that such refusal and omission had operated upon him an injury. This, it is said, shall affect the conscience of the creditor. Such is the principle of the case of Hancock vs. Bryant, and this case, which we do not *369 feel at liberty to overrule, is decisive of the one belore the , , , , . . „ , „ „ court. In yielding to the authority of Hancock vs. Bryant, we do not mean to question the principle determined in the case of Johnson vs. Searcy, 4 Yerger’s Reports, 182, and in still more recent cases, to wit: that the mere giving of time by the creditor to the principal, and not upon an agreement which would bind the former, shall not exonerate the security. To that principle we give our full assent. The case before the court, and the case of Hancock vs. Bryant rest upon am other ground, upon the express request of the surety to sue, upon the refusal or omission of the creditor to comply with such request to the injury of the surety or endorser. In this case the request to sue is not only admitted by the defendants in their answer, but is likewise proved, it is satisfactorily proved also, that the refusal or omission of the defendants to comply with this request, produced injury to the complainant, because, in the meantime, those who were liable before him and to him, became insolvent. The decree will be affirmed.
Decree affirmed.